Lima v. Blanche

BIA
A062 342 230

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

WILLIAM CESAR MONTEIRO LIMA,
> *Petitioner,*

v.                                                     **25-1143**
                                                       NAC

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jeffrey B. Rubin, Esq., Rubin Pomerleau PC, Boston, MA.

**FOR RESPONDENT:** Brett A. Shumate, Assistant Attorney General; Sheri R. Glaser, Acting Assistant Director; Joanna L. Watson, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner William Cesar Monteiro Lima, a native and citizen of Cape Verde, seeks review of an April 4, 2025, decision of the BIA denying, as untimely, his motion to reopen his removal proceedings based on vacatur of the convictions underlying the agency's determination of removability. *In re Lima,* No. A 062 342 230 (B.I.A. Apr. 4, 2025). We assume the parties' familiarity with the underlying facts and procedural history.

As the parties do not dispute that Lima's motion to reopen, filed on December 25, 2024, was untimely filed more than 90 days after the BIA's entry of a final order of removal on March 6, 2024, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), the sole issue before us is the BIA's denial of equitable tolling. "We review the BIA's decision not to grant equitable tolling for abuse of discretion, asking whether there is a reasonable basis for its decision." *Pinilla Perez v. Bondi*, 166 F.4th 327, 333 (2d

2

Cir. 2026) (quotation marks omitted). The BIA abuses its discretion "if it acts in an arbitrary or capricious manner, or if its decision provides no rational explanation, . . . or contains only summary or conclusory statements." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (quotation marks omitted). Reliance on an error of law is also an abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006).

Equitable tolling is a doctrine designed to allow courts to "escape the evils of archaic rigidity," *Pinilla Perez*, 166 F.4th at 333–34 (quotation marks omitted), and prevent injustice to a litigant who has "pursued his rights diligently," but has been prevented from timely action due to "some extraordinary circumstance," *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). "[T]he diligence prong . . . covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside [his] control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). For example, "an attorney's failure to satisfy professional standards of care" may constitute extraordinary circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence . . . not maximum feasible diligence." *Id.* at 653 (quotation marks and citation omitted).

To determine whether a litigant has exercised reasonable diligence, adjudicators must conduct "an equitable, often fact-intensive inquiry," considering "in detail" a litigant's efforts and particular situation. *Id.* at 653–54 (quotation marks omitted). However, the litigant bears the burden of demonstrating circumstances justifying equitable relief. *See Pinilla Perez*, 166 F.4th at 332.

With respect to motions to reopen removal proceedings, a movant must exhibit diligence throughout the entire period he seeks to toll. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). In other words, "where fraud or concealment . . . prevents an individual from timely filing, equitable tolling . . . is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation." *Id.* Thus, a movant "is required to exercise due diligence both before *and* after he has or should have discovered" the underlying basis for reopening. *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (discussing ineffective assistance of counsel in a removal proceeding). But reasonable diligence does not require a movant to take steps to move for reopening "*before* . . . he became entitled to relief." *Pinilla Perez*, 166 F.4th at 333. And "[p]rinciples of equity especially counsel in favor of tolling when it is evident that the basis for the petitioner's removal may now be invalid." *Id.* at 334–35 (quotation marks and

4

brackets omitted).

The diligence analysis only extends to when the movant reasonably should have discovered the ineffective assistance. *See Iavorski*, 232 F.3d at 134. Where, as here, a movant was misled about the immigration consequences of a criminal conviction, the reasonable point to start assessing diligence is from service of the notice to appear, at which point "a reasonable person in [the movant's] position would be put on notice of the error underlying his motion to reopen." *Bent v. Garland*, 115 F.4th 934, 942 (9th Cir. 2024).[1] The subsequent alteration of the charge of removability appears irrelevant in this case, because all pertinent convictions stem from the same plea proceeding at which the immigration consequences of the convictions were misrepresented. Accordingly, we remand for the BIA to reconsider whether Lima exercised due diligence from the time of service of the notice to appear in November 2022 (rather than from his conviction in May 2019) until he moved to reopen in December 2024. The BIA should consider in the first instance whether Lima's decision not to immediately pursue post-conviction relief was reasonable. *See id.* at 943 (instructing agency to

---

[1] When a motion to reopen is premised on vacatur of the criminal conviction on which the removal order is based, the time to measure diligence does not start immediately upon conviction. *See also Bent*, 115 F.4th at 938–39.

5

consider, among other factors, steps Bent took to defend against removal); *see also Holland*, 560 U.S. at 653 (holding that "the diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence" (quotation marks and citation omitted)).

As Lima points out, and the Government does not dispute, the BIA should have considered the motion to reopen under Second Circuit, not First Circuit, law. While Lima has not identified significant differences between the circuits, on remand the BIA should apply Second Circuit law.

Finally, we understand that Lima was removed on July 4, 2026. Should Lima's presence be necessary for continued proceedings or should the BIA ultimately restore Lima's status as a lawful permanent resident, we expect that the Government will "facilitate [his] return to the United States." U.S. Immigr. & Customs Enf't, ICE Policy Directive Number 11061.1: Facilitating the Return to the United States of Certain Lawfully Removed Aliens 1 (Feb. 24, 2012); *see also* U.S. Immigr. & Customs Enf't, *FAQs: Facilitating Return for Lawfully Removed Aliens*, https://www.ice.gov/remove/facilitating-return (Feb. 2, 2024) ("If you were not an LPR before being removed, absent extraordinary circumstances ICE will facilitate your return to the United States if your presence is necessary for continued

adjudication of your case. . . . ICE will also facilitate your return to the United States, absent extraordinary circumstances, if, at the conclusion of proceedings for which your presence was not necessary, the Board of Immigration Appeals or Immigration Court enters a final and unreviewable decision that permits you to be physically present in the United States.").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for additional proceedings consistent with this order. All other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court